UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DANIEL DEMIRCHYAN,**

    Plaintiff,

    v.                                              Case No. 22-CV-821

**SAFECO INSURANCE COMPANY OF ILLINOIS,**

    Defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY

    Safeco Insurance Company of Illinois insured Daniel Demirchyan from January 4, 2022 to January 4, 2023 under a Safeco Homeowner's Policy, Policy No. OX6738585 (the "Policy"). On February 1, 2022, Demirchyan allegedly experienced a water loss at the insured property. Demirchyan sues Safeco for breach of the insurance contract and bad faith. Safeco moves to bifurcate Demirchyan's breach of contract claim from the bad faith claim and to stay discovery on the bad faith claim. (Docket # 30.) For the reasons further explained below, Safeco's motion is denied.

## BACKGROUND

    Safeco insured Demirchyan from January 4, 2022 to January 4, 2023 under the relevant Policy. (Compl. ¶ 7, Docket # 1.) On February 1, 2022, Demirchyan allegedly experienced a water loss at the insured property. (*Id.* ¶ 10.) Demirchyan reported the claim to Safeco on the day of the loss. (*Id.* ¶ 11.) Demirchyan alleges that he hired a restoration contractor, Rainbow International of Milwaukee, to complete mitigation work and a

plumbing company, Mattox Plumbing, to assess the cause of the damage and to make repairs. (*Id.* ¶¶ 14–15.) Demirchyan alleges that he emailed Safeco's counsel the invoices from the mitigation and plumbing work; however, Safeco wrongfully failed and refused to pay any part of the loss. (*Id.* ¶ 18.) Demirchyan alleges that as a result of Safeco's delay, on May 20, 2022, Rainbow served Demirchyan with a notice of intent to file a lien against Demirchyan and/or the insured property. (*Id.* ¶ 19.)

On July 19, 2022, Demirchyan sued Safeco for breach of contract and bad faith stemming from Safeco's alleged failure to pay the claim. (*Id.* ¶¶ 20–30.) Demirchyan's breach of contract claim alleges that pursuant to the Policy and Wisconsin law, specifically Wis. Stat. § 628.46(1), Safeco's payment for the loss and damage to the property is overdue, and thus Safeco breached the Policy by failing and refusing to timely pay for the loss. (*Id.* ¶¶ 22–24.) Demirchyan further alleges Safeco committed bad faith as it had no reasonable basis to delay or deny Demirchyan the benefits owed under the Policy. (*Id.* ¶¶ 26–28.)

## LEGAL STANDARD

While Wisconsin law controls the substance of the breach of contract and bad faith claims, the Court applies federal procedural law to the defendant's motion to bifurcate and stay. *Cho v. Spinnaker Ins. Co.*, No. 21-CV-337, 2022 WL 475963, at *3 (E.D. Wis. Feb. 16, 2022). Fed. R. Civ. P. 42(b) permits the separation of claims or issues for trial if certain conditions are met. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). First, the court must determine whether separate trials would avoid prejudice to a party or promote judicial economy. *Id.* "Only one of these criteria—avoidance of prejudice or judicial economy—need be met before a court can order separation." *Id.* Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving

2

Case 2:22-cv-00821-NJ   Filed 12/07/22   Page 2 of 7   Document 35

party. *Id.* Finally, separate trials must not be granted if doing so would violate the Seventh Amendment. *Id.* The ultimate decision to bifurcate under Rule 42(b), however, is at the court's discretion and will not be overturned without a clear showing of abuse. *Id.*

## ANALYSIS

Safeco moves to bifurcate Demirchyan's breach of contract claim from his bad faith claim and to stay discovery on the bad faith claim. Safeco argues that under Wisconsin law, the inquiry on a bad faith claim is markedly different than that of a breach of contract claim, and thus bifurcation of the claims will both promote judicial economy and avoid prejudice to Safeco. (Docket # 31.) Demirchyan argues that in this case, because the basis of his breach of contract claim is Safeco's alleged untimely payment, the facts of his two claims are so intertwined that bifurcation would not support or promote judicial economy. (Docket # 33.)

As one court in this district recently explained, "when courts in the Eastern District of Wisconsin have granted motions to bifurcate breach of contract from bad faith claims, they have focused on the separate and distinct nature of the claims." *Cho*, 2022 WL 475963, at *4 (collecting cases). And "[w]hen courts in the district have denied such motions, they have done so based on the threat of duplicitous discovery and protracted litigation." *Id.* (collecting cases). While Safeco is certainly correct that under Wisconsin law, bad faith is a tort separate and distinct from the breach of contract, *see Dahmen v. Am. Fam. Mut. Ins. Co.*, 2001 WI App 198, ¶ 12, 247 Wis. 2d 541, 549, 635 N.W.2d 1, 5, Demirchyan's complaint presents a situation where the two causes of action indeed are inextricably intertwined.

By way of background, Wis. Stat. § 628.46(1) provides that: "Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be

3

overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss." The statute further provides that "[a]ll overdue payments shall bear simple interest at the rate of 7.5 percent per year." *Id.* Under Wisconsin law, this statute is "an additional provision of the insurance contract incorporated into it by operation of law." *Poling v. Wisconsin Physicians Serv.*, 120 Wis. 2d 603, 612, 357 N.W.2d 293, 298 (Ct. App. 1984). However, in this case, the Policy specifically adopts this statutory provision in a Special Provisions – Wisconsin section stating that: "We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 30 days after we receive your proof of loss." (Docket # 1-1 at 45.)

Demichyan alleges that pursuant to the Policy provision and Wis. Stat. § 628.46(1), Safeco's payment for the loss under the Policy is overdue and Safeco breached the Policy by failing to timely pay. (Compl. ¶¶ 21–24.) In other words, Safeco's alleged breach of contract *is* its failure to pay "30 days after we receive your proof of loss" as stated in the Policy. Thus, Demichyan argues that he is entitled not only to the statutory interest owed under Wis. Stat. § 628.46(1), but to the consequential damages flowing from the breach, such as increased construction costs and additional living expenses. (Docket # 33 at 4.)

The crux of Safeco's argument is that a violation of Wis. Stat. § 628.46(1) is not a proper breach of contract claim. Safeco argues that § 628.46(1) "merely provides a fixed amount of interest to be paid when the prerequisites of the statute have been met." (Docket # 34 at 2.) But that is not entirely correct. While § 628.46(1) does provide a specific remedy for "overdue payments" of "simple interest at a rate of 7.5 percent per year," the statute also places on insurers the duty to "promptly pay every insurance claim," with "prompt"

4

meaning "within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss." Wis. Stat. § 628.46(1). Wisconsin courts have taken this statutory requirement for insurers and explicitly incorporated it as an additional provision of all insurance contracts as a matter of law. *See Poling*, 120 Wis. 2d at 612, 357 N.W.2d at 298.

Safeco argues that it has found no Wisconsin cases standing for the proposition that "a delay in payment sufficient to establish interest payments under Wis. Stat. § 628.46(1) itself constitutes a breach of an insurance contract." (Docket # 34 at 2.) However, because Wisconsin courts have found that Wis. Stat. § 628.46(1) is written into every contract of insurance as a matter of law, it is difficult to contend that a breach of Wis. Stat. § 628.46(1) is not also a breach of the insurance contract. Perhaps what Safeco is truly arguing is that an insured cannot claim consequential damages for a breach of Wis. Stat. § 628.46(1), as the statute only provides for damages in the amount of "simple interest at a rate of 7.5 percent per year." And perhaps that question has not been addressed by the Wisconsin courts. But in a case such as this one, where the statutory provision was explicitly written as a term in the Policy without a specification of remedy (Docket # 1-1 at 45), it is unclear why Safeco's alleged failure to perform under its Policy could not constitute a breach of contract subjecting it to consequential damages.

For Demirchyan to ultimately be successful in proving that Safeco breached the contract by failing to timely pay, Wisconsin law has found that when an insurer has "reasonable proof" to establish that it is not responsible for payment, the payment is not deemed "overdue." *Miller v. Safeco Ins. Co. of Am.*, 761 F. Supp. 2d 813, 829 (E.D. Wis. 2010). And "reasonable proof" means "that amount of information which is sufficient to

5

allow a reasonable insurer to conclude that it may not be responsible for payment of a claim. Our case law has generally equated 'reasonable proof' of non-responsibility under § 628.46 with whether the 'coverage issue was fairly debatable.'" *Kontowicz v. Am. Standard Ins. Co. of Wis.*, 2006 WI 48, ¶ 48, 290 Wis. 2d 302, 327, 714 N.W.2d 105, 117.

Bad faith, on the other hand, is "comprised of a two-part test." *Miller*, 761 F. Supp. 2d at 821. "To demonstrate that an insurance company has committed a tortious bad faith refusal to honor a claim of an insured, a plaintiff must show (1) the absence of a reasonable basis for denying benefits of the policy and (2) the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Id.* The "absence of a reasonable basis for denying a claim exists when the claim is not 'fairly debatable.'" *Trinity Evangelical Lutheran Church & Sch.-Freistadt v. Tower Ins. Co.*, 2003 WI 46, ¶ 33, 261 Wis. 2d 333, 347, 661 N.W.2d 789, 795. In other words, the analysis under both the breach of contract and the bad faith claims will involve a determination of whether the claim was "fairly debatable." *See Upthegrove Hardware, Inc. v. Pa. Lumbermans Mut. Ins. Co.*, 146 Wis. 2d 470, 485, 431 N.W.2d 689, 696 (Wis. Ct. App. 1988) (awarding prejudgment interest from date of denial of the claim and stating that "it would be inconsistent for us to affirm the jury's finding of bad faith while at the same time saying that [the insurer] had a reasonable basis for denying the [insured's] claim").

Here, given the nature of Demirchyan's breach of contract claim, it is not so separate and distinct from the evidence relevant to the bad faith claim that bifurcation of the two claims will promote judicial economy. Rather, because there are common, related facts and inquiries underlying both claims, the parties and the court would go through two discovery and summary judgment processes for a common set of facts. Furthermore, while Safeco

6

fears prejudice from the production of work product and attorney-client materials present in its claim files (Docket # 34 at 3), as the *Cho* court stated, "[t]he defendant's concern that it would be unfairly prejudiced without bifurcation because of the broad scope of discovery in bad faith claims is less compelling where the factual basis of the claims is similar." 2022 WL 475963, at *4. In rejecting the insurer's request for bifurcation due to unfair prejudice, the court found that "[p]arties are asked to produce work product and privileged discovery in all sorts of lawsuits; courts use privilege logs, firewalls, *in camera* inspections and other methods to avoid the kind of prejudice the defendants fear." *Id.*

Thus, for all of these reasons, the defendant's motion to bifurcate and stay is denied.

## ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that Defendant's motion to bifurcate and stay discovery (Docket # 30) is **DENIED**. The Clerk's Office will set this matter for a Rule 16 Scheduling Conference.

Dated at Milwaukee, Wisconsin this 7th day of December, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge